**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

LONNIE RAY GILBERT, JR.,                                             PLAINTIFF
# 187378

v.                                  4:23CV00838-BRW-JTK

PULASKI COUNTY REGIONAL
DETENTION FACILITY, et al.                                    DEFENDANTS

<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

<u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.   Any party may file written objections to all or part of this Recommendation.    If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.    By not objecting, you may waive the right to appeal questions of fact.

<u>DISPOSITION</u>

**I.       Introduction**

Lonnie Ray Gilbert ("Plaintiff") is in custody at the Pulaski County, Arkansas, Detention Center.   He filed a <u>pro se</u> civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed <u>In Forma Pauperis</u>, which was granted.   (Doc. Nos. 1, 2, 4, 5).   The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted.   (Doc. No. 7).   Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading.   (<u>Id</u>.)   Plaintiff filed his Amended Complaint on November 3, 2023.   (Doc. No. 11).   The Court will continue screening Plaintiff's claims.

II.     **Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

III.    **Discussion**

In his Amended Complaint, Plaintiff sued Sergeants Lambert and Jones (collectively, "Defendants") in their personal and official capacities.   (Doc. No. 11 at 1-2).   Plaintiff's statement of claim reads, in its entirety:

> I have COPD. I was [brought] to jail in mid July the end of July beginning of Aug 09-23 I began getting on the keyso letting them medical know that I was having a hard time breathing because of my COPD in A unit 7-29-23 I got on the keyso and let medical know I need a updraft treatment for my breathing they say I was scheduled to be seen on sick call on 8-1-23 I still hadn't been seen on 8-18-2023 by that time I was already in hospital but on 8-09-23 I complained to medical I can't

stop choking need to see a doctor asap.    On 8-5-23 I put in complaint to medical I
think I have Covid.    8-18-23 still had been seen by any medical from the facility.
8-01-23 told them I was having bad kidney pains they stated again I was scheduled
to see the nurse 8-15-23 I when I was admitted to hospital due to lungs collapse and
liver and kidney shut down.

(Id. at 4).

Plaintiff seeks damages and injunctive relief.    (Id. at 5).

### A.    Detention Center Not Subject to Suit Under § 1983

In his original Complaint, Plaintiff brought claims against the Pulaski County Detention

Center.   Plaintiff did not name the Detention Center as a Defendant in his Amended Compliant.

(Doc. No. 11).   "An amended complaint 'ordinarily supersedes the original and renders it of no

legal effect.'"   In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th

Cir. 1996) (internal citations omitted).   As such, there are no claims currently pending against the

Detention Center.   Further, any claims against the Detention Center would fail because the

Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983.   See Da La Garza v.

Kandiyohi Cty. Jail, Corr. Inst., 18 F. App'x 436, 437 (8th Cir. 2001).

### B.    Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities.   "A suit against a

government officer in his official capacity is functionally equivalent to a suit against the employing

governmental entity."   Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).

Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims

against Pulaski County.

To establish municipal liability, a plaintiff must prove that an official municipal policy,

deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional

injury.  Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing

Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).  Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights.  As such, Plaintiff cannot establish liability against Pulaski County.

### C.    Personal Capacity Claims Under 42 U.S.C. § 1983

 "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

When the Court gave Plaintiff the chance to file an Amended Complaint, the Court advised Plaintiff that he should "provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible."  (Doc. No. 7 at 4).  Despite this guidance, Plaintiff named Lambert and Jones as Defendants, but made no allegations of fact against them.   Instead, in his statement of claim Plaintiff refers to "medical," "they," and "them." Considering these allegations, the Court cannot identify any allegedly unlawful acts or omissions by either Defendant Lambert or Defendant Jones.   As such, Plaintiff failed to state a claim against Defendants on which relief may be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.      The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 8th day of November, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."